OPINION
This is an accelerated calendar case submitted to this court on the briefs of the parties.
Appellant, Local No. 74, American Federation of State, County, and Municipal Employees ("the Union"), appeals a decision of the Trumbull County Court of Common Pleas dismissing its declaratory judgment action for lack of subject matter jurisdiction. The following facts are relevant to a determination of this appeal.
During the period of January 1, 1994, through December 31, 1996, a collective bargaining agreement ("CBA") was in effect between the Union and appellee, City of Warren ("the City"). The CBA provided a procedure through which changes in job descriptions of the Union members were effected. Once the suggested changes were reduced to writing by the City, the Union had the option of filing a grievance if it disagreed with the classification.
Late in the calendar year 1996, the Warren City Treasurer, Patricia Leon-Games, met with representatives from the Union for the purpose of changing the job description and rate of pay for five employees of the Treasurer's Office, each a member of the Union. An agreement was reached by Leon-Games, as an elected city official, and the Union. On December 12, 1996, Leon-Games sent a letter to the Warren City Auditor, David Griffing, stating that certain employees of the Treasurer's Office were to be given pay raises effective immediately. Additionally, pay raises in the years 1997 through 1999 were also outlined in the letter.
The auditor failed and refused to implement the pay raises detailed in the letter of December 12, 1996. On February 11, 1997, the Union and the employees of the Treasurer's Office filed a declaratory judgment action in the Trumbull County Court of Common Pleas against the City seeking a judgment declaring that the decision reached by the treasurer and the Union was a contract that was final, conclusive and binding on the City. They also filed a claim for a money judgment, which has since been abandoned and is not relevant to this appeal.
The matter proceeded to a hearing before a magistrate on February 17, 1998, at which time the parties submitted written stipulations. On January 27, 1999, the magistrate issued his decision recommending a dismissal of the complaint based upon the failure of the union employees to file a grievance first, before filing an action in the common pleas court. The magistrate decided that since the employees did not exhaust their administrative remedies, the court lacked jurisdiction.
Timely objections were filed to the magistrate's decision, but they were overruled by the trial court on November 3, 1999. From that decision, the Union timely filed a notice of appeal and has now set forth a single assignment of error. The Union contends that the trial court erred in finding that it did not have subject matter jurisdiction to consider this case. For the reasons that follow, we agree with the Union and reverse the judgment of the trial court.
Clearly, the CBA contains provisions that provide for grievance procedures when disputes arise between the City and the Union. In the present case, however, those provisions are inapplicable. Here, certain employees of the Treasurer's Office requested changes in their job descriptions and rates of pay. Their request was reviewed by the City, through the City Treasurer, and the Union. The City and the Union reached an agreement, which was reduced to writing. Thus, there is no
dispute between the City and the Union and, accordingly, no need by either side to file a grievance. The only objections to the agreement came from the City Auditor who is not a party to the contract. His decision to deny issuing paychecks in accordance with the agreement is simply not an event that triggers any type of grievance procedure. Thus, there is no further remedy to exhaust in the instant case. There are no provisions in the CBA that suggest that any conditions precedent be met before a settlement becomes final, conclusive, and binding.
Whether or not the agreement reached by the City and the Union is characterized as a "pre-arbitration settlement," a "post-grievance meeting," an "arbitration settlement," or any other term, does not make a difference in the outcome. The parties to the CBA reached a final, binding agreement. There is no dispute between those parties and, thus, no need for a grievance to be filed. Hence, the matter was properly before the common pleas court to decide the issue presented by the Union. The issue was and is whether or not the City Auditor acted properly in refusing to issue paychecks in accordance with the agreement.
The sole question before us is whether the trial court erred in dismissing the declaratory judgment action filed by the Union. We conclude that it did. The Union's sole assignment of error is sustained.
The judgment of the trial court is reversed and the matter remanded for further proceedings consistent with this opinion.
CHRISTLEY, P.J., NADER, J., concur.